UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**TATIANA RIBEIRO**, individually,

        **Plaintiff,**

v.

**YOLY'S RESTAURANT, CORP. d/b/a YOLY'S RESTAURANT,** a Florida for profit corporation, and **IRIS YOLANDA CESPEDES**, an individual,

        **Defendants.**

_____

Case No. _____

## **COMPLAINT**
(Injunctive Relief Sought)

Plaintiff, TATIANA RIBEIRO, individually and on behalf of all others similarly situated, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendant YOLY'S RESTAURANT, CORP. d/b/a YOLY'S RESTAURANT and Defendant IRIS YOLANDA CESPEDES for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the Florida Accessibility Code.

**Jurisdictional Allegations**

1. This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") and the Florida Accessibility Code (hereinafter "FAC") entitling Plaintiff to attorneys' fees, litigation expenses and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

2. Defendant IRIS YOLANDA CESPEDES is the property owner of the premises located at 2900 NW 12TH AVENUE Miami, Florida in Miami-Dade County, Florida (hereinafter "Defendant-Landlord").

3. Defendant YOLY'S RESTAURANT, CORP. d/b/a YOLY'S RESTAURANT (hereinafter referred to as "YOLY'S RESTAURANT") is a tenant at Defendant IRIS YOLANDA CESPEDES' premises, and the operator of a restaurant dining establishment (hereinafter "Defendant-Operator"), which establishment is defined as a "place of public accommodation." *See* 28 CFR 36.201(a).

4. Plaintiff TATIANA RIBIERO is a 31 year old mother with a six (6) year old son who lives with her in South Florida, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA. More specifically,

Plaintiff is a paraplegic, bound to ambulate in a wheelchair as a result of car accident in Brazil more than fourteen (14) years ago.

5. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue properly lies in the Southern District of Florida as it is the federal judicial district where the property is located and on which the violative establishment is conducting business.

## ADA: Lack of Reasonable Accommodations at Yoly's Restaurant

7. The ADA prohibits discrimination on the basis of disability by guaranteeing reasonable accommodations are provided for individuals with disabilities. As the owner of the premises and as the operator of a "place of public accommodation," Defendants YOLY'S RESTAURANT and IRIS YOLANDA CESPEDES are jointly responsible for ensuring compliance with the FAC, the ADA and the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards").

8. As a single woman, Plaintiff RIBEIRO enjoys meeting and socializing with her friends. She travels using either the public bus system, the Special Transportation Service (STS), or by having her friends who drive, pick her up at her home.

9. Plaintiff has visited the property which forms the basis of this lawsuit, but she has encountered architectural barriers at the subject property precluding her from reasonably accessing the goods and services provided to non-disabled individuals. The barriers to access at the property have deterred Plaintiff from availing herself of, and are denying her the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendants' property equal to that afforded to other individuals.

10. More specifically, Plaintiff RIBEIRO was unable to traverse the "ramp" leading from the purported wheelchair "accessible" parking space onto the curb. And, upon reaching the curb leading to the platform taking one to the restaurant entrance Plaintiff RIBEIRO immediately realized her would not be able to travel across the platform as it was too narrow to accommodate her wheelchair.

11. Defendants have and are continuing to discriminate against Plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities on or before January 26, 1992[1] in violation of the ADA and FAC.

12. More specifically, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and Plaintiff is further deterred and discouraged from additional travel due to Defendants ongoing non-compliance with the ADA.

13. A preliminary inspection of YOLY'S RESTAURANT reveals the following exterior and interior barriers to access exist thus effectively discriminating against Plaintiff as an individual with a disability:

    a. required wheelchair accessible parking space is not provided;

    b. existing ramp does not comply with the Accessibility Standards;

    c. accessible seating not provided at existing dining counter;

    d. insufficient knee and toe clearance at dining counter;

    e. existing dining counter exceeds maximum height allowance;

    f. insufficient knee and toe clearance at dining tables;

    g. required accessible seating not provided in existing dining/seating area;

---

[1] A "place of public accommodation" having ten (10) or fewer employees **and** gross receipts totaling five hundred thousand dollars or less ($500,000.00) shall have until January 26, 1993 to ensure compliance with the ADA.

- h. required minimum clearance is not provided at the exterior/entry side of corridor door;
- i. required minimum clearance is not provided at the interior/exit side of corridor door;
- j. restroom door hardware is non-compliant with Accessibility Standards;
- k. restroom is inaccessible as required minimum clear width is not provided in violation of Accessibility Standards;
- l. interior of restroom reveals multiple barriers to access, in violation of the Accessibility Standards, including but not limited to:
    - i. entry door swings inward into clear floor space of lavatory and water closet;
    - ii. required minimum maneuvering and turning clearance not provided;
    - iii. insufficient clear floor space making lavatory inaccessible;
    - iv. required knee and toe clearance not provided at lavatory;
    - v. mounted paper towel dispenser does not comply;
    - vi. lavatory mirror is non-compliant;
    - vii. water closet cannot be accessed;

 m. failure to maintain accessible features and failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities.

14. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA and FAC.

15. Notice to Defendants prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendants. Defendants' violations of the ADA have been ongoing despite the ADA mandating compliance by no later than January 26, 1992 (or January 26, 1993).

## **Injunctive Relief Is Necessary to Prevent Future Discrimination**

16. Plaintiff frequently visits the area where Defendant-Landlord's property and Defendant-Operator's business are located. Plaintiff visited YOLY'S RESTAURANT and has suffered discrimination on the basis of her disability.

17. Plaintiff plans on returning to YOLY'S RESTAURANT to avail herself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

18. The present violations at Defendants' facility create a hazard to Plaintiff's safety. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation as a result of Defendants' discriminatory practices or non-compliant facilities.

19. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

## COUNT I: DECLARATORY JUDGMENT AS TO VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

20. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 19 above as if set forth specifically herein.

21. Title III of the Americans with Disabilities Act mandates that all places of public accommodation must provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

22. At the time Plaintiff RIBEIRO visited Defendant IRIS YOLANDA CESPEDES' premises, being operated by Defendant YOLY'S RESTAURANT, Plaintiff could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 13.

23. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24. At the time Plaintiff retained the services of the undersigned law firm, Defendants were in violation of Title III of the ADA and had denied Plaintiff

reasonable access to the good and/or services being offered on their premises.

25. As a result of Defendants' violations of Title III of the ADA Plaintiff has suffered actual harm in the form of humiliation as well as a sense of isolation and segregation, which has deprived Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

26. A declaration that Defendant(s) were in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants(s) compliance with the law.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order declaring that Defendants, at the commencement of the instant lawsuit, are in violation of Title III of the ADA, 42 USC § 12181 *et seq.;* and, that by as a result of architectural barriers, Plaintiff has been denied access to the goods and/or services offered on the subject property thereby discriminating against Plaintiff as an individual with a disability.

## COUNT II: INJUNCTIVE RELIEF (AGAINST YOLY'S RESTAURANT CORP.)

27. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 26 above as if set forth specifically herein.

28. Defendant YOLY'S RESTAURANT operates a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA and FAC.

29. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment and facilities as a result of the ADA violations set forth herein in paragraph 13 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

30. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities; and by failing to take such steps or efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

31. By operating a place of public accommodation in violation of the ADA as described herein, Plaintiff is suffering true and actual harm. Defendant's discriminatory practices contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

32. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

33. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

34. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the

facility until such time as Defendants cure all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a.    Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; to require Defendant to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and; by failing to cure their ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

      b.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

      c.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT II: INJUNCTIVE RELIEF (AGAINST IRIS YOLANDA CESPEDES)

35. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 43 above as if set forth specifically herein.

36. Defendant IRIS YOLANDA CESPEDES owns commercial real property on which it is permitting Defendant YOLY'S RESTAURANT to operate a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA and FAC.

37. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's building, property, and facilities as a result of the ADA violations set forth herein in paragraph 13 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

38. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

39. Structural modifications are necessary to eliminate architectural barriers set forth herein, which are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

40. By permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

41. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

42. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

43. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendants' ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cures all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

   a. Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; by failing to cure the ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

    b.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    c.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on August 2, 2014.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
Florida Bar No. 179973

**ADA Accessibility Associates**
19390 Collins Avenue, Ste. 61
Sunny Isles Beach, Florida 33160
E: TDemetriades@ADAAccessibilityAssociates.com
T: (305) 510-0144